IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:19-CR-336-1FL (1)

FILED IN OPEN COURT
ON 8/22/19 STS
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| KEVIN HAROLD RUDOLPH ) | |

The Grand Jury charges:

## COUNT ONE

Beginning on or about December 26, 2018, and continuing to on or about December 28, 2018, in the Eastern District of North Carolina ~~and elsewhere,~~ EB BJ the defendant, KEVIN HAROLD RUDOLPH, aiding and abetting others known and unknown to the Grand Jury, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person having the initials A.B., who had not attained the age of 18 years, and having had a reasonable opportunity to observe A.B., and knowing and in reckless disregard of the fact that A.B. had not attained the age of 18 years, and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2) and 2.

## COUNT TWO

On or about December 28, 2018, in the Eastern District of North Carolina, the defendant, KEVIN HAROLD RUDOLPH, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly

1

possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT THREE

Beginning on or about December 26, 2018, and continuing to on or about December 28, 2018, in the Eastern District of North Carolina ~~and elsewhere~~, the defendant, KEVIN HAROLD RUDOLPH, aiding and abetting others known and unknown to the Grand Jury, knowingly traveled and used a facility in interstate commerce, namely, the Internet, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of North Carolina, and thereafter, performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## FORFEITURE

The defendant is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of the offense(s) set forth in Count One, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d):

(1) Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense(s), and any property traceable to such property; and

(2) Any property, real or personal, constituting or derived from, any proceeds that the defendant obtained, directly or indirectly, as a result of such offense(s), or any property traceable to such property.

Upon conviction of the firearm offense set forth in Count Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), as made applicable by Title 28, United States Code, Section 2461(c), any and all firearms or ammunition involved in or used in a knowing commission of the offenses.

Upon conviction of the offense(s) set forth in Count Three, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

The forfeitable property includes, but is not limited to, the following:

- A Cobra .380 firearm, serial number FS045884;
- An LG LS 676 cellular phone, serial number 703CYLH1409192; and
- An LG P200 cellular phone, serial number 801CYHE0121601.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant—

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

3

Case 5:19-cr-00336-FL   Document 1   Filed 08/22/19   Page 3 of 4

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

Date: 8/20/19

ROBERT J. HIGDON JR.
United States Attorney

ERIN C. BLONDEL
Assistant United States Attorney

JACOB PUGH
Assistant United States Attorney